UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                    Case No. 1-08-46308-dem

MC DONALD LYNCH,                                          Chapter 13

                              Debtor.
------------------------------------------------------------x

Appearances:

William Ward Saxton, Esq.
Fitzgerald & Associates
Attorneys for Debtor
649 Newark Avenue
Jersey City, NJ 07306

Michael J. Macco, Esq.
Chapter 13 Trustee
135 Pinelawn Road, Suite 120 South
Melville, New York 11747

## DECISION AND ORDER ON APPLICATION
## FOR CONFIRMATION OF CHAPTER 13 PLAN

DENNIS E. MILTON
United States Bankruptcy Judge

On September 23, 2008, McDonald Lynch (the "debtor") filed a voluntary

petition for relief under Chapter 13 of the Bankruptcy Code. The matter is before the Court on

the application of the debtor for an order confirming his Chapter 13 plan dated August 26, 2008

(the "Plan").  The Chapter 13 case trustee (the "trustee") opposed Confirmation of the Plan on

the ground, inter alia, that a significant portion of the Plan's payments was to consist of proceeds

from post petition sale(s) of the debtor's real property.   For the reasons set forth below, the

Court finds the Plan is not feasible and denies the debtor's application for Confirmation of the

Plan.

**JURISDICTION**

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§1334(b) and 157(b)(2) and the Eastern District of New York standing Order of reference dated August 28, 1986. This decision constitutes the Court's findings of fact and conclusions of law to the extent Fed. R.Bank. P. 7052 requires.

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 23, 2008, the debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.  In the petition, the debtor reported an income per month in the amount of $3,287.79, consisting of his salary of $1,787.79, a rental income from real property of $750.00 and a contribution from his children of $750.00. The debtor listed expenses per month in the amount of $3,133.00, resulting in a net excess income of $ 154.79.  The Claim Register reflects the debtor has unsecured debts in the total amount of $72,921.98.

The debtor owns real properties located in New York, Maryland and North Carolina.  In Maryland, the property consists of an unencumbered three family house, located at Reisterstown Road, Baltimore, 21215 ("Reisterstown Property") and an encumbered one family house located at 22nd Street, Baltimore, 21218 ("22nd Street Property").  In his Summary of Schedules, the debtor listed the estimated value of his real properties at $924,000.00, and a secured interest in the properties of $354,774.00.

1.    The Plan

The debtor filed his Plan along with his Chapter 13 petition. The debtor proposed a 36-month plan, in which he would pay the trustee $150.00 per month for 35 months, with the final payment to be made no later than the 36th month with proceeds from the sale of one or both

2

of the debtor's Maryland properties. Debtor's Plan, p.1, ¶1. The Plan projects that the holders of the allowed secured claims would retain the liens securing their claims, and that the debtor would make all post-petition payments outside the Plan, with no mortgage arrears payable under the Plan. The debtor claims that the Plan provides a distribution of 100% to unsecured creditors.

At the hearing held on December 8, 2008, the trustee objected to confirmation of the debtor's proposed Plan. The Court adjourned the hearing with the instruction to the debtor's counsel to submit a memorandum of law regarding the issue of feasibility of the proposed Plan. On January 2, 2009, the debtor filed a Memorandum of Law in Support of the Plan (the "Memorandum"). In the Memorandum, the debtor described his marketing and sale efforts. The debtor argued that the Plan was feasible and requested confirmation of the Plan. This Court held confirmation hearings on December 8, 2008, January 7, 2009, February 11, 2009, March 25, 2009, April 28, 2009 and May 20, 2009.

2.      Debtor's Motion to Sell

On February 11, 2009, the debtor informed the Court that the debtor had negotiated a contract of sale with regard too one of the Maryland Properties, the 22nd Street Property (the "Sale Contract").  The Sale contract contained a closing date of April 30, 2009. Upon review of the Sale Contract, the trustee opposed Confirmation of the Plan. The trustee argued that the Sale Contract would not generate a sufficient amount of money to satisfy all unsecured claims reflected on the Claims Register. The trustee also stated the uncertainty of the proposed property sale warranted denial of the application for confirmation.

At the hearing on February 11, 2009, the Court expressed concern about

3

confirmation of the Plan and its inclination to deny confirmation of the Plan as filed. Without rendering a decision, the Court adjourned the hearing on confirmation to March 25, 2009, to afford the debtor an opportunity to file an amended plan.

On March 25, 2009, the debtor filed a Motion to Sell the 22nd Street Property (the "Sale Motion"). On April 2, 2009, the trustee filed a Partial Opposition to the Sale Motion. On April 28, 2009, at the hearing on the Sale Motion, the debtor informed the Court that the potential buyer had canceled the contract. The debtor withdrew the Sale Motion. At the hearing held on May 20, 2009, the debtor expressed his intention not to submit an amended plan and asked the court to confirm the original Plan. This Decision and Order follows.

## DISCUSSION

The Bankruptcy Code provides that only an individual with regular income may propose a plan and obtain the relief under Chapter 13. 11 U.S.C. §§109(e) and 1321. The Court shall confirm a plan if the requirements of Section 1325 are satisfied. 11 U.S.C. §1325. Section 1325(a)(6) states in pertinent part that the court shall confirm a plan if "the debtor will be able to make all payments under the plan and to comply with the plan." Section 1325(a)(6) requires from the court to determine whether the debtor will be able to comply with his proposed plan in totality. E.g., In Regan v. Ross, 691 F.2d 81 (2d Cir. 1982) (Feasibility of every Chapter 13 plan is subject to judicial review as a condition of confirmation). The court has discretion to find a plan feasible and to confirm the plan if the debtor persuades the court of his ability to implement the plan in totality.

**A. The Debtor's Ability to Implement and Comply With the Proposed Plan**

Confirmation of the debtor's Plan depends on the determination of the Court that the debtor is eligible and able to propose and implement his Plan. In determining the element of eligibility, the Court has considered Sections 109(e) and 101(30) of the Bankruptcy Code. Section 109(e) provides that only "an individual with regular income" may be a debtor under Chapter 13. 11 U.S.C. §109(e). Section 101(30) defines the term "individual with regular income" as an individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan. 11 U.S.C. §101(30).

The debtor has the burden to prove that he has a sufficiently stable and regular income. In re Negosh, 2007 U.S. Dist. LEXIS 61842 (E.D.N.Y. Aug.22, 2007); National Sch. Bus v. Carignan, 190 B.R. 739 (N.D.N.Y. 1996); In re Tornheim, 239 B.R. 677 (Bankr. E.D.N.Y. 1999); In re Antoine, 208 B.R. 17 (Bankr. E.D.N.Y. 1997); In re Felberman, 196 B.R. 678 (Bankr. E.D.N.Y. 1995); In re Wilhelm, 6 B.R. 905 (Bankr. E.D.N.Y. 1980); See also In re Norwood, 178 B.R. 683 (Bankr. E.D. Pa. 1995). The debtor's income may originate from other individuals or relatives, but the sources should be examined to satisfy the standard of a sufficiently stable and regular income for those individuals. In re Antoine, 208 B.R. 17; In re Tornheim, 239 B.R. 677. The debtor needs to establish some factual basis for the court to determine the regularity and stability of the debtor's income. In re Wilhelm, 6 B.R. 905. The debtor should disclose the source and amount of the promised payments and be able to prove that the other individuals "have the requisite commitment and ability to provide the funding to him on a consistent basis for the duration of the Amended Plan." In re Norwood, 178 B.R. at 691.

Here, the debtor has set forth in his petition that his income includes a

contribution of $750.00 per month from his children. The debtor also reported an income from real estate in the amount of $750.00. Without those sources, the debtor is unable to generate any disposable income to fund the Plan. The debtor has failed to provide any evidence for the commitment and stability of the reported contribution from his children. The debtor has also failed to provide any evidence as to the stability of his income derived from the real estate. In the absence of such evidence, the debtor has failed to carry his burden of proof of sufficient and stable regular income. The Court can not determine the debtor's ability to implement and comply with the Plan in totality, see e.g., In re Wilhelm.  The debtor has failed to establish compliance with the eligibility requirement for plan confirmation.  For this reason, the court denies Confirmation of the debtor's Plan.

### B. The Debtor's Plan is a Speculative Sale Plan.

As a general rule, bankruptcy courts have found that a plan which provides for a single lump sum payment to creditors, at or near the end of the plan term, from a possible sale of the debtor's real property is not feasible. 8 Collier on Bankruptcy P 1325.07[1] at 1325-47, 48 (15th ed. 2009); In re Hogue, 78 B.R. 867, 872 (Bankr. S.D.Ohio 1987). In re Gavia, 24 B.R. 573 (B.A.P. 9th Cir. 1982). E.g. "[Where the consummation of a Chapter 13 plan hinges entirely upon the happening of a speculative, contingent event, scheduled to occur some three to five years from the date of confirmation, such a plan simply cannot meet the feasibility requirement of §1325(a)(6)." In re Hogue, 78 B.R. at 873-874. In In re Gavia, the court stated that  "a construction that permits sole payment from liquidation of the debtor's property would render 11 U.S.C. §109(e) meaningless and eliminate any difference between a Chapter 7 liquidation and a Chapter 13 debt adjustment." 24 B.R. at 575.

In seeking confirmation of the Plan here, the debtor relies upon the language of the courts in In re Ericson, 176 B.R. 753 (Bankr. E.D.Pa. 1995), In re Jensen 369 B.R. 210 (Bankr.E.D.Pa. 2007), and In re Hogue, 78 B.R. 867 (Bankr. S.D.Ohio 1987).  Some courts have confirmed plans funded from a sale of a property based upon a finding that the terms of plan provides specificity for certain items such as the terms of sale, a time period for contemplated sale, and the specific remedies available to creditors if the proposed sale is unsuccessful. See e.g. In re Dunn, 2009 WL 87086 (Bankr. W.D.Wash.2009) (Confirming a plan because it specified a date which was not too far from the date the creditor could otherwise conduct a foreclosure sale if the stay were lifted); In re Jensen 369 B.R. at 236-237 (Finding the debtor's plan feasible because the plan provided terms with specificity for the proposed sale); See also National School Bus, Inc. v. Carignan, 190 B.R. 739 (N.D.N.Y. 1996) (A Chapter 13 plan should contain a time frame within which the real property must be sold or the terms of sale);   In re Ericson, 176 B.R. 753, 757 (Bankr. E.D.Pa. 1995) (citing In re Newton, 161 B.R. 207, 216-218 (Bankr. D.Minn. 1993)).

In In re Ericson, the court followed the reasoning of the court in In re Newton and held that a plan may be confirmed if the debtor met some standards and implemented them in the plan. 176 B.R. at 757 (citing in re Newton, 161 B.R. at 216-218).  Under this approach, such a plan should specify with certainty the terms of the sale, including the listing price and listing terms, and provide a time period for the proposed sale; and incorporate a default remedy for creditors or any alternative if the sale fails to close within the proposed time frame. Id.  The debtor has the burden of producing evidence as to its marketing efforts; providing for specific information as to the terms or date of a sale; informing the court if market conditions are eroding

the value of the collateral; showing that the debtor is motivated and that the debtor's efforts at a sale are directed or energetic enough; and disclosing any other factors which demonstrate that the creditor will not receive the value of its secured rights within a circumscribed, specified, and reasonable cure period. Id. These requirements are not conclusive, but are the starting points in guiding the Court's analysis for validating the Plan and determining feasibility of the Plan.

In this instant case, the debtor has proposed a plan dependent upon a future sale. The debtor's Plan provides for a deferred payment of the unsecured creditors near the end of the 36th month period of the Plan or earlier.  The Plan does not specify the property subject to sale under the Plan and it does not project with sufficient certainty a time frame or a date for a sale. The Plan does not propose a definitive and certain sale.  In In re Hogue, the court denied confirmation of the plan because the plan depended upon the happening of what it termed a speculative, contingent event, scheduled to occur some three years from the date of confirmation. 78 B.R. at 873-874.  As set forth above, the Plan fails to provide a time period for the proposed sale and instead speculates that it could happen anytime within the next three years. The  Plan also fails to provide any alternative remedy if a contemplated sale fails to close.

The debtor has also failed to provide sufficient information regarding the market conditions for the proposed sale(s).  In In re Gavia, the court found the proposed plan unfeasible under 11 U.S.C. §1325(a)(6) because the proposed sale "in a depressed market would not convince a reasonable person that the debtor(s) will be able to comply with (their) plans." 24 B.R. at 574. In this case, the debtor admitted that under present market conditions, any proposed liquidation of the debtor's property is questionable. Debtor's Mem., p. 1, ¶4.  In fact, available statistics indicate a depressed real estate market in the neighborhoods where the debtor's

8

properties are located.[1]  Under the present economic conditions, residential real estate transactions are declining and residential real estate is depreciating in value. These conditions diminish the debtor's ability to comply with the Plan.  The completion of the Plan depends on a prospective sale. The debtor's unsuccessful attempt to sell his 22nd Street Property indicates the debtor's uncertainty of completing the Plan. Therefore, the Court cannot find that the debtor will be able to comply with the Plan. See, e.g., In re Gavia, 24 B.R. at 574.

In addition, the debtor has failed to amend the Plan to respond to the trustee's concerns and suggestions. The debtor had ample opportunities and time to adjust the Plan to comply with the confirmation requirements. However, the debtor chose not to do so.

## CONCLUSION

For the reasons set forth above, the Court denies confirmation of the debtor's Plan.  The debtor has failed to demonstrate the threshold requirement for the existence of a sufficient, stable and regular income. The debtor has also failed to meet his burden of proof as to the feasibility of the Plan. The Court finds that, pursuant to 11 U.S.C. §1325(a)(6), the Plan is speculative and not feasible because it proposes a deferred payment on or before the 36th month after the confirmation of the plan; it proposes a substantial plan payment from the proceeds of a sale of real estate properties in a depressed real estate market;  it fails to provide specific information with regard to essential contract of sale items such as which property will be sold

---

[1] For illustrative purposes, the Court looked in the Metropolitan Regional Information System ("MRIS") resale data for 2008 concerning the zip code statistics for the zip codes where the debtor's properties are located. The MRIS data for the zip code 21215 reveals that residential property, on average, stayed 91 days or 2.25% longer on the market than in 2007. The average sale price was 87.86% less from the list price, and the total units sold in 2008 were 18 or 33.33% less in comparison with the total units sold in 2007. For the zip code 21218, MRIS' data also reveals that the residential property, on average, stayed 212 days or 171.79% longer on the market than in 2007. The average sale price was 80.16% less from the list price, and the total units sold in 2008 were 21 or 34.38% less in comparison with the total units sold in 2007.

and the time period in which the sale must be completed;  and it does not provide available remedies for the creditors if the contemplated sale does not go forward.

Under a separate Order, the Court shall restore the matter to the Court's Chapter 13  Confirmation calendar on July 22, 2009.

IT IS SO ORDERED.

Dated: Brooklyn, New York
July 6, 2009

S/Dennis E. Milton
DENNIS E. MILTON
United States Bankruptcy Judge

To:    William Ward Saxton, Esq.
Fitzgerald & Associates
Attorneys for Debtor
649 Newark Avenue
Jersey City, NJ 07306

Michael J. Macco, Esq.
Chapter 13 Trustee
135 Pinelawn Road, Suite 120 South
Melville, New York 11747